May it please the Court, my name is Anne Tumaya. I represent the United States. This case represents a criminal alien's efforts to subvert the law, which clearly prohibits his naturalization. Counsel, the statutes and jurisdiction issues are kind of a maze in this case, and I just want your help walking through them. Yes, Your Honor. As I understand it, the district court purported to declare null and void an order that had not yet been petitioned to the BIA. Is that correct? Your Honor, it was already petitioned to the BIA, and the district court's decision, as well as the magistrate judge's findings, acknowledged the fact that the board had already issued a final order of removal. Okay, so it had been petitioned. Yes, Your Honor. So it was filed. Yes, Your Honor. So the district court, would it have jurisdiction, or would that have to be petitioned for review to us? Your Honor, the district court did not have jurisdiction. It would have had to be petitioned for review before the Court of Appeals. The recent enactment of the REAL ID Act underscores this, at least to the extent that there is any challenge to a removal order. Does the case depend on the REAL ID Act? Your Honor, only to the extent that there is any challenge to the removal order. Otherwise, the REAL ID Act does not have any effect on the naturalization review. What I'm trying to find out is, if I understood it right, you can't get naturalized unless you're in lawful permanent residence status. And once a deportability finding is made, it's too late to get naturalized. Is that right? Yes, Your Honor. And was that done in this case? Where was this case? At the time that the district court issued its decision, the board had already issued a final order of removability against Mr. Orozco-Solas. So the board had ordered removal? Yes, Your Honor. And that meant the district court couldn't naturalize? Correct, Your Honor. And would that be true both before and after the REAL ID Act? Yes, Your Honor. So we don't have to decide anything about the REAL ID Act? No, Your Honor. Okay. That was the maze that had me confused. Thanks. Yes, Your Honor. As Your Honor has alluded, there are two separate issues here. There's two separate proceedings. One pertains to removal order and one pertains to a naturalization decision. The first decision dealing with the removal order is separated in part and can only be reviewed in the context of a petition for review in the court of appeals, such that the district court did not have jurisdiction to order the interim order removal null and void. The other problems with this case is the fact that the district court contravened law in other ways besides exercising improper jurisdiction. Let me ask you a question before you go further. Is that all we need to decide in your view, or do we have to go beyond that? Your Honor, it depends upon the application of the law. The consideration before the court is whether or not the district court properly rendered a decision both on the nullity of the interim decision and then on the naturalization decision. That's a separate issue. And regarding the naturalization decision, the court must consider, first of all, whether or not the district court had any authority to review the naturalization decision and to authorize naturalization of Mr. Orozco Solis. And the answer to that would be no. We have two decisions to make. One of them is whether the district court – well, I guess it's a chicken and egg thing. I mean, okay, the district court, in your view, had no jurisdiction. Well, let me state my view instead of trying to put it – state your view. The district court had jurisdiction over the petition with respect to denial of naturalization. As you know, that's my view because I wrote Bellahara saying that. But it only had jurisdiction to review the denial, which was at least in part correctly on the ground that removal proceedings were then pending. It should have stopped with that. Instead, it went ahead and decided to review the order of removal, which was a completely separate proceeding, and to nullify it, which, in my view, it had absolutely no jurisdiction to do. Now, does that comport with your understanding of what's correct? Yes, Your Honor. At a minimum, the district court erred because it went beyond its authority. Okay. I'm just going to say – so I don't bore you by repeating the question. I'm going to ask you the same question because I'm sure you don't agree with it, Counsel. And I'd like to have the benefit of your input on that same question. Now, please go ahead. Your Honor, before even addressing the effect of Bellahara on this case, the court must first even take a look at the statutory prohibition here. Unlike Bellahara, the relevant language under Section 1429 that we consider here states specifically that no person shall be naturalized who has a plan of removal. Well, why do we – I mean, do we have to go there? I mean, I know it's – that's what the government would like to see end up in F-3rd. But do we need to do that? Your Honor, the court must first consider whether or not there has been a final order of removal because the agency – at the time that the agency rendered its decision, there had not yet been a final order. Well, I understand that. But they said – the agency said there's a pending proceeding. Yes, Your Honor. And that's absolutely correct. And the Attorney General can't have done anything and the court can't do anything with respect to the naturalization petition under those circumstances, can it? No, Your Honor. So why do we have to go further than that? Your Honor, because the language is different. Here we have a situation where there is actually a final order of removal such that – Well, you did at the time the district court made its – whatever it did – decision. Yes, Your Honor. Okay? But not when the naturalization petition was denied. Correct, Your Honor. But the question here is whether the district court's decision is consistent with the law. Well, I understand that. How could it possibly be? It is not, Your Honor. But why don't you just stop with saying that at the time the naturalization petition was filed and the district court had to review it, under Bellahara the district court could only say there are naturalization – there's a removal proceedings pending and that ends the district court's involvement. Your Honor, that is true. But the problem is there's a distinction here where the district court ignored the effect – the other effect of Section 1429 arising as a result of a final order of removability. And that actually trumps the fact that the agency had made a finding that there was a pending removal hearing. Because in that regard, if there is a final order of removability, then the district court should have stopped there. It wouldn't even have to consider whether the agency was correct. I'm confused again. I thought under the statute, if there's a pending proceeding for removal, naturalization cannot go forward. And if there's a final order of removability, naturalization cannot go forward. So either way, when this case hit the district court, it should have been dismissed without prejudice because there was a removal proceeding pending. And if it had been overlooked and it sat around until there was a final removal order, it should have been dismissed because there was a final removal order. Either way, it gets dismissed. Yes, Your Honor, that is correct. Okay. And the government's contention simply is, first of all, the court should have considered the argument that there was a final order of removability and the effect of that final order because. But it should have been dismissed right from the get-go. You know, district courts are very busy. Yes, Your Honor. So often they don't spot things at the get-go. But if it had been spotted, if you had a court with nothing to do, it would come in, well, removal proceedings pending, goodbye, dismissed without prejudice the day that it's filed. Your Honor, that was an issue that the court did address and the magistrate judge also considered, and the magistrate judge had ruled finding that there were pending removal proceedings. And even before that. I'm thinking the only way that this could have been saved is if the removal proceedings had gone in favor of the alien And then the district court said, well, I should have dismissed it the first day because they were pending. But I didn't even see the file the first day. And now that I'm seeing the file, there are no more removal proceedings pending. And removal was determined not to be appropriate. He's a legal permanent resident again. And so now I'll proceed with the naturalization. And then there would be a question whether he could do that. Yes, Your Honor. In this regard, there is no dispute that the district court's decision contravenes the law. There are many different hurdles here. The problem is that the district court could not overcome any of these hurdles. And the first hurdle was the fact that at the time it rendered its decision, there was a final order of removability. Now, even if we disregard the fact that there was a final order of removability, which then trumps any kind of review or need for review, then we apply Bell-Harrow, which then states that you have to consider whether there is a removal proceeding pending and that the decision must be limited to the agency's finding that there was a removal proceeding pending. Ms. Knight, if you have some other points to make, super, but at this point, it strikes me that it's nailing the – I mean, it's hammering the nail in the coffin. And you might want to wait and hear what Mr. O'Shaughnessy has to say and then respond to him. Yes, Your Honor, I will. Thank you. Good morning. May it please the Court. My name is David Trondeau, and I represent Mr. Orozco. Your Honor had a question for me before I came up here. Your Honor, let me go back to the procedural history of the removal matter and the naturalization matter. Mr. Orozco had a pending motion to dismiss or terminate his removal proceedings. It was absolutely tied in to his naturalization application. Well, this is clearly what happened in Bell-Harrow. That is correct. At the time that Judge Jones reviewed this matter, the government has made this issue about whether removal proceedings were pending, whether there was an interim removal order, whether the order was final. There were no removal proceedings pending at the time, Your Honor. At which time? At the time that the immigration judge had ruled, those proceedings had come to an end. I'm confused. I thought when this case was filed in the district court, removal proceedings were pending. Well, then the court needs to decide the definition of removal proceedings. Is removal proceedings the filing of the notice to appear or the equivalent of an indictment with the immigration judge? And does that continue until the Board of Immigration Appeals decides the appeal? I thought proceedings in a case started with the summons and complaint in an ordinary civil case. And in an immigration case, I suppose it would be the first notice to appear to the alien and ended when you had a final order. Is that wrong? Well, my understanding of this court's law in terms of the definition of removal proceedings when they commence is that when the notice to appear is filed with the IJ, Your Honor. When the notice what? When the notice to appear is filed with the immigration court. Now, my position has been that. So why weren't proceedings pending in this case? Because the matter was no longer before the IJ. The case was pending before the Board of Immigration Appeals. And you say that's not a pending immigration proceeding? Well, they're not pending removal proceedings, Your Honor, because only the IJ can order a person removed. Yeah, but you appealed it. That's correct, Your Honor. So your removal is pending, yes? Well, there was an interim order removal entrant. However, let me go on to the issue that you asked about. Your Honor, in Bellaharo. Wait a minute. Let me stick with that a sec to make sure I understand it. You're saying that it wasn't pending anymore because only the IJ can remove somebody. The IJ had issued his decision. There was a final decision by the IJ. And the appeal to the BIA doesn't change that. That's correct. But then there's a final order of removal. So either way, you're stuck, aren't you? Well, let me back up to the naturalization issue in Bellaharo. If the district court is limited when there are removal proceedings pending to only address the denial, the basis for the denial, the service here in their decision to deny not only went to the substance, the criminal conviction, but they also indicated that there was an order of removal by the immigration judge. And that was pending, Your Honor. So it seems to me that the U.S. District Court could review that denial. They could, in fact, go behind the denial. That was the government's denial. They didn't come out and simply say there are removal proceedings pending. That was not the basis. Well, they had an alternate basis. There were two basis. There were two basis. One was good moral character and the other was immigration proceedings pending. And clearly when immigration proceedings are pending, that's the end of it, isn't it? If the court interprets an interim order of removal that's not final as pending removal proceedings, if the court interprets it in that matter, I would agree, Your Honor. If the court doesn't agree and we go by way of Bellaharo, not Josepian, because in that case there were no removal proceedings pending. So that was the standard as to what the U.S. District Court could look at. It was a de novo review. They could look at the petitioner's entire life history in analyzing a denaturalization application. But in Bellaharo, if the judge is to look at the denial, why can't the judge, the U.S. District Court judge, look at the basis under which the denial was based on? And if one is the substantive good moral character issue, why couldn't they look at the interim order of removal? It was not final. Because you always look at jurisdiction first. And there's nothing wrong with the INS making alternative findings. District courts do it all the time. You know, I don't think I've got jurisdiction. But if I do, you win or you lose. Comes up on appeal. You look at the basis. You say no jurisdiction. That's the end of that. But one thing, Your Honor, to note is that the petitioner here was prima facie eligible for denaturalization. And that's a little different in other cases. The conviction before 1990 did not bar him. In other words, he could have proceeded. But the government didn't follow their own rules. They never gave him a hearing. The problem is you have to apply for naturalization before the government starts removing you. Basically, you have to apply for naturalization when you're clean before you get in trouble for something and they start the removal procedure. I agree, Your Honor. And he had, in fact, applied for naturalization before there were any removal proceedings pending. When he showed up for his interview believing he was going to go through the interview process, he was arrested on that day. So there was never a substantive decision. He was never given the history exam and the writing exam. None of that happened. However, they made a substantive decision, Your Honor. Sure. I mean, what you're really quarreling with, of course, is the removal. And there was a route to challenge that. It just simply wasn't taken. I mean, if the removal had been removed by this court on a petition for review, that would solve the problem. Well, unfortunately, as the court knows, Petitioner's former counsel had not advised him of the 30 days to file a petition for review with this court, which I suppose, and I've argued this, that once this court decides, because at this point Judge Jones had ordered this removal order null and void, and, in fact, the bond that was posted for the petitioner here in the removal site was canceled and returned to him because there was no removal order. They could not supervise him or hold him on that. But once this court decides whether Judge Jones's decision is correct and restores the removal order, he can file a motion to reopen with the Board of Immigration Appeals based on ineffective essence of counsel. And then if that's denied, file a petition for review on that issue with this court. And that's when we'll get the issue of whether his lawyer should have told him petition for review to the Ninth Circuit on the removal. Right. On that issue. Yes, sir. And then if he wins all that, then he clears the removal out of there, and then he can try to get naturalized again. Well, he won't clear the removal order, but what would happen is if the Board of Immigration Appeals grants the motion to reopen, they would probably either give him maybe another briefing schedule or just start the clock ticking on the 30 days so he can file. And if they deny it, we'll be before this court, and this court can review that decision. And if it disagrees with the BIA, it can order the BIA to allow the reissuance of the order or the 30 days to begin ticking again. Okay. That is all, Your Honor and your sisters. Do we have to decide anything except whether removal proceedings were pending when the IJ had ruled and the case was on review before the BIA? Is that determinative? If the court decides that there were removal proceedings pending at the time Judge Jones reviewed this case for a decision under Bellaharo, I would agree that the court could not do a substantial, substantive review. I suppose the court has to decide whether an interim order by the IJ would be the same as what Bellaharo was facing, an actual pending removal proceeding where there had not been a decision yet, but he was going through the process. Got it. Thanks. Thank you. Thank you very much, Mr. Chamlew. Thank you. Ms. Mai, anything further? Your Honor, simply that there was a final order pending before the district court when it rendered its decision. Whether the court finds that there was a final order or removal proceedings were pending, the result is the same. The district court's decision should be overturned. Thank you. Okay. Counsel, thank you both for your argument. Any matter just argued will be submitted. We will next hear argument in Wood. Thank you.
judges: Rymer, Kleinfeld Weiner